IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
THOMAS GRIMM,                  )
                               )
            Plaintiff,         )         8:11CV392
                               )
      v.                       )
                               )
WERNER CO.,                    )         ORDER
                               )
            Defendant.         )
_____)
```

This matter is before the Court upon defendant's motion to allow testing (Filing No. 31) and motion to extend expert disclosure deadline (Filing No. 34). This lawsuit involves an accident which occurred while plaintiff was standing on his Keller model KMT2-13 articulated ladder ("the ladder") in his garage. Plaintiff alleges the ladder unexpectedly slipped out from under him, causing him to fall and sustain injuries. Following the accident, plaintiff filed suit against defendant, the manufacturer of Keller ladders, asserting products liability claims for both negligence and strict liability.

The defendant moves the Court for an order compelling plaintiff to allow defendant to conduct testing on the ladder which plaintiff was using when the accident occurred. Defendant further requests such testing take place in plaintiff's garage where the accident occurred. Defendant also moves the Court to extend the expert disclosure deadline because without said testing, defendant cannot obtain a complete expert opinion with

respect to the integrity of the ladder which is the subject of this lawsuit. The Court has reviewed the motions and the relevant law and will grant both of defendant's motions.

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. of Civ. P. 37(a)(1); Accord NELR 7.01(I). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. of Civ. P. 26(b)(1).

On April 2, 2012, plaintiff allowed defendant's counsel and its expert to inspect plaintiff's garage and to perform various tests in the garage using an exemplar ladder. During that inspection, counsel for plaintiff noted the exemplar's feet were different from the feet of the actual ladder. Defendant's expert has been allowed to visually inspect and photograph the actual ladder, but he was not allowed to perform any testing on the ladder. Plaintiff has denied defendant's subsequent requests to allow its expert to test the actual ladder because plaintiff's counsel fears the ladder's condition may be altered.

The Court finds defendant's expert should be allowed to test the ladder in plaintiff's garage where the accident occurred

-2-

in the manner defendant describes on page 2 of its brief in support of motion to allow testing.  See Filing No. 32, page 2.  Without such testing, it cannot be stated with any certainty whether the ladder was defective or whether any such defect could have caused plaintiff's accident.  Defendant claims its testing of the ladder will not cause destruction to, or otherwise alter or effect the current physical condition or design of the ladder.  In order to preserve the post-accident state of the ladder, however, the Court finds defendant shall photograph the ladder both before and after testing and videotape the ladder's testing in order to ensure that any damage is memorialized.

The final progression order for this lawsuit provides "[o]n or before April 16, 2012, the defendant shall identify all expert witnesses and shall serve the plaintiff with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial . . . ."  Defendant filed its motion to allow testing on April 11, 2012, prior to the relevant expert deadline.  Thus, the Court will extend such expert deadline to June 30, 2012.  Accordingly,

IT IS ORDERED:

1) Defendant's motion to allow testing (Filing No. 31) is granted.

2) Plaintiff shall allow defendant to test the Keller model KMT2-13 in plaintiff's garage in the manner defendant

describes on page 2 of its brief in support of motion to allow testing.  Such testing shall take place prior to June 30, 2012.

       3)  Defendant shall photograph the ladder both before and after testing and videotape the ladder's testing in order to ensure that any damage is memorialized.

       4)  Defendant's motion to extend expert disclosure deadline (Filing No. 34) is granted.  Defendant's expert disclosure deadline is extended to June 30, 2012.

       DATED this 6th day of June, 2012.

                         BY THE COURT:

                         /s/ Lyle E. Strom
                         _____
                         LYLE E. STROM, Senior Judge
                         United States District Court